UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MERETHA ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Cause No. 1:19-CV-151-HAB ) |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Meretha Arnold's ("Arnold") Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration (ECF No. 19), filed on November 26, 2019. Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner") filed his Memorandum in Support of Commissioner's Decision (ECF No. 20) on January 1, 2020. No reply was filed. This matter is now ripe for review.

**A.    Procedural History**

Arnold submitted her application for Title II disability insurance benefits on June 19, 2014. Arnold initially identified her date of disability as February 7, 2012, but later amended the date to June 3, 2016, after two denials. On November 30, 2017, Arnold had a hearing before an administrative law judge ("ALJ"). The ALJ issued her decision finding Arnold not to be disabled on April 23, 2018 (the "Decision"). Arnold filed her request for Appeals Council review on May 18, 2018, which request was denied on February 11, 2019. Arnold then initiated this action for review of the Decision.

**B.     Legal Analysis**

**1.      *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected,"

*Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.    *The ALJ's Decision***

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Arnold had not engaged in substantial gainful activity ("SGA") since June 3, 2016, the alleged onset date. The ALJ noted that Arnold had held part-time employment as a fruit/vegetable cutter at Kroger after the onset date but found that this did not constitute SGA. At step two, the ALJ found that Arnold had the following severe impairments: atrial flutter, status post flutter ablation (x2), atrial septal defect, status post transesophageal echocardiogram (TEE) – guided cardioversion, cervical degenerative disc disease (DDD), hemangiomas on the thoracic spine without malignancy, osteoarthritis (OA) and obesity. The ALJ found that Arnold's irritable bowel disease (IBS) was a non-severe impairment.

At step three, the ALJ found that Arnold did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 19). At step four, the ALJ found that Arnold had the residual functional capacity ("RFC") to perform sedentary work as defined by 20 CFR 404.1567(a) except that she could never climb ladders, ropes or scaffolds, only occasionally climb ramps and stairs, balance, stop, kneel, crouch, and crawl, have no exposure to unprotected heights, and have no more than frequent exposure to humidity. Finally, Arnold would be limited to frequent vs. constant overhead reaching, pushing, pulling, handling, and fingering. At step five, the ALJ concluded that Arnold could perform her past relevant work as a daycare center director, and therefore that she was not disabled.

**3.**   *The ALJ Properly Weighed Arnold's Medication Side Effects*

Arnold raises only one issue, that being her claim that the ALJ failed to account for "the role of side effects and claimant's overall devolution in 2015." (ECF No. 19 at 10). The ALJ must consider the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken." SSR 96–7p, 1996 WL 374186, at *3. However, an ALJ has no duty to make specific

4

findings concerning the side effects of a Claimant's medication. *Labonne v. Astrue*, 341 Fed. Appx. 220, 226 (7th Cir. 2009) (noting that "an ALJ is not required to provide a complete written evaluation of each piece of evidence, including the side effects of medication" (internal citations omitted)); *Nelson v. Sec'y of Health & Human Servs.*, 770 F.2d 682, 685 (7th Cir. 1985) (an ALJ does not have a duty to make specific findings concerning the side effects of prescription drugs). That said, if the ALJ does make a finding concerning the effect of side effects, it must be supported by substantial evidence, just like any other conclusion. *Nelson*, 770 F.2d at 685. The Court is also mindful that, as a part of the process of building an analytical bridge from the evidence to a conclusion, the ALJ is always required to confront significant evidence that conflicts with his decision. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1996); *Diaz v. Chater*, 55 F.3d 300, 307–08 (7th Cir. 1995).

The ALJ's only reference to side effects comes during a discussion of treatment of Arnold's arthritic right thumb. There, she noted that "the claimant consistently noted effectiveness of pain medication without side effects." (R. 24). The ALJ's conclusion comes directly from a treatment note from March 23, 2017, where Arnold reported to her pain management doctor that "[t]he current medication are helping without side effects." (R. 1045).

The side effects of medication can significantly affect an individual's ability to work and, if the record contains evidence of side effects, should figure in the disability determination process. *See, e.g., Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). Courts have condemned ALJs for failing to consider such evidence when it was potentially relevant to the claimant's ability to work. In *Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998), the court reversed where the ALJ "failed to consider the dosage, effectiveness, and side effects of Beckley's medications, in spite of her testimony that the medications made her 'woozy' and 'silly.'" In *Silva v. Barnhart*, 2003 WL

5

22425010 (N.D. Ill. October 23, 2003), the court reversed the ALJ's credibility determination, stating: "Under SSR 96–7p, the adjudicator must consider 'the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms.'" *Id.* at *8.

As Arnold points out, there is evidence in the Record regarding side effects that are not discussed by the ALJ. Arnold was told not to take her pain medication while working, although no specific reason was given. (R. at 1044, 1047, 1059). The beta blockers Arnold took for her heart condition made her tired (R. 754), another medication may have affected her sleep and might have caused mouth sores (R. 983, 1072), while yet another medication could have been associated with Arnold suffering dizziness and dry mouth (R. 1061).

The Court finds two problems with Arnold's argument. First, there is no medical evidence that any of the medications caused the claimed side effects. Rather, all the citations in the record to side effects are little more than historical recitations by Arnold, most of which are couched in less-than-certain terms. There does not appear to be any clinical finding that any of Arnold's medications are causing any verifiable side effects. More importantly, Arnold has not identified how any of the claimed side effects impaired her ability to work. During much of the time period that Arnold complained of the side effects, she was also holding down a 20-hour per week job at Kroger. (R. 226). While the side effects may very well have been annoying, there is no evidence that it resulted in any impairment. In the absence of such a showing, the ALJ had no duty to discuss the claimed side effects. *Nelson*, 770 Fed. Appx. at 685 (holding that claimant's argument that ALJ had a duty to make specific findings regarding side effects to be "without merit"). Therefore, the Court does not find that the ALJ erred when it failed to discuss each claimed side effect.

**C.** **Conclusion**

For the foregoing reasons, the Decision is AFFIRMED.

SO ORDERED on April 27, 2020.

                                                    s/ Holly A. Brady  
                                                    JUDGE HOLLY A. BRADY  
                                                    UNITED STATES DISTRICT COURT